IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 5:08-CV-204 (CAR) |
| **$18,680.00 IN UNITED STATES CURRENCY,** | : : : : | |
| Defendant Property, | : : : | |
| **ERIC WASHINGTON,** | : : | |
| Claimant. | | |

## ORDER ON MOTION TO STRIKE AND FOR ENTRY OF A FINAL ORDER OF FORFEITURE

Before the Court is the United State's Government's Motion to Strike [Doc. 14]. Through the present motion, the Government seeks to have the Court strike the responsive pleadings of Claimant Eric Washington, as a sanction for failure to participate in discovery pursuant to Fed. R. Civ. P. 37(d)(1)(A), and to enter a final order of forfeiture in this case. The Government initially filed this forfeiture action in June of 2008 alleging that the Defendant Property, $18,680.00 in United States currency, was money furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801, et. seq. After appropriate notice of the forfeiture, Claimant, through counsel, filed a timely Answer and Claim against the Defendant Property.

Shortly after the Answer was filed, the Government submitted discovery requests to Claimant and his counsel. However, despite a number of inquiries by the Government, no response was provided by Claimant. The Scheduling and Discovery Order in this case [Doc.12] provides that

discovery was to be completed by January 28, 2009. On this date, the Government again contacted Claimant's counsel to inquire about his discovery responses. Still, no documents or written responses have ever been produced by Claimant. Claimant's deposition was, nonetheless, scheduled for February 12, 2009. Claimant failed to appear for his deposition and has since had no contact with counsel regarding his attendance at the deposition or past due discovery responses. When Claimant failed to appear for his deposition, the Government notified Claimant's counsel that it would be filing a motion to strike his responsive pleadings based upon his repeated failure to participate in discovery. Claimant has not responded to the present motion.

The Government now contends that striking Claimant's responsive pleadings in this case would be an appropriate sanction for Claimant's complete and willful refusal to comply with the rules of discovery and the Scheduling and Discovery Order of this Court. Rule 37of the Federal Rules of Civil Procedure in fact provide that the district court may order sanctions against a party if: (i) the party fails, after being served with proper notice, to appear for deposition, or (ii) the party, after being properly served with interrogatories or request for inspection fails to serve its answers, objections, or written responses. Both apply in the present case, as Claimant, despite proper notice of the discovery requests, failed both to appear for his deposition and to supply written discovery responses. Fed. R. Civ. P. 37(d)(1)(A). Sanction is thus appropriate.[1]

This Court enjoys broad discretion in determining the appropriate sanction for failing to participate in discovery. See Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). "The magnitude of sanctions awarded is bounded under Rule 37 only by that which is 'reasonable' in light of the circumstances." Carlucci v. Piper Aircraft Corp., 775 F.2d

---

[1] The Court further notes that sanction is also authorized under Fed. R. Civ. P. 37(b)(2)(A) for failing to obey the Rule 26(f) Scheduling and Discovery Order of this Court.

1440, 1453 (11th Cir.1985).  Here, upon review of the possible action that could be taken, the Court agrees with the Government that the sanction of striking Claimant's responsive pleadings, as authorized by Fed. R. Civ. P. 37(d)(1)(A) & 37(b)(2)(A)(ii), is the most appropriate sanction in this case.  Claimant has made no effort participate in this litigation or otherwise prosecute his cause.   He has failed to respond to numerous discovery requests, to appear to his own deposition, comply with this Court's Rule 26(f) Scheduling and Discovery Order, or even respond to the motion currently before the Court.  His repeated failure to participate in discovery appears to have been willful and in bad faith.  Claimant, moreover, has flagrantly ignored the Rule 26(f) Scheduling and Discovery Order entered by this Court. The Court can only assume that Claimant no longer desires to pursue a claim against the Defendant Property, and in light of Claimant's complete disregard for the Federal Rules of Procedure and the Scheduling Order, the Court further finds that entry of an order to compel discovery responses would likely be futile.  Claimant, in fact, appears to no longer be in contact with his counsel.  For these reasons, the Government's Motion to Strike is hereby **GRANTED**.  See  United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir.1997) (indicating sanction of dismissal is appropriate where party's noncompliance was willful or in bad faith); see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1367 (11th Cir. 2008) (affirming dismissal of claim where court found a complete and willful failure to comply with the discovery requests); Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538, 1539 (11th Cir. 1984) (holding that dismissal was appropriate where "where the party's conduct amounts to 'flagrant disregard and willful disobedience' of the court's discovery orders.").  Pursuant to Rule 37, the Court must further **ORDER** Claimant to pay the reasonable expenses, including attorney's fees, caused by his failure to participate in discovery. Fed. R. Civ. P. 37(d)(3).  Claimant has provided no justification for his conduct.

  The Government also moves this Court to enter a Final Order of Forfeiture.  In support, the

Government shows that all notice and publication requirements were previously met and no other claims or answers have been filed with respect to the Defendant Property.  The time for filing claims and answers has now expired.  In light of the Court's grant of the motion to strike and the lack of any other clamant, the Court finds that entry of a Final Order of Forfeiture would be appropriate.

**SO ORDERED** this 28th day of April, 2009.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
United States District Judge

jlr